UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN LEE ORONA,

       Petitioner,

v.                                         CASE NO. 8:14-cv-2989-T-23EAJ

SECRETARY, Department of Corrections,

       Respondent.

_____/

## O R D E R

     Orona applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1)

and challenges the validity of his state conviction for attempted sexual battery on a

person less than twelve years of age, lewd molestation, attempted lewd or lascivious

exhibition, and false imprisonment, for which he is imprisoned for twenty-five years.

The respondent moves to dismiss the application as time-barred.  (Doc. 5)  Orona

opposes the motion.  (Doc. 11)  The record shows that the application is time-barred.

     The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a

Section 2254 application for the writ of habeas corpus.  "A 1-year period of limitation

shall apply to an application for a writ of habeas corpus by a person in custody

pursuant to the judgment of a State court.  The limitation period shall run from the

latest of . . . the date on which the judgment became final by the conclusion of direct

review or the expiration of the time for seeking such review . . . ."  28 U.S.C.

§ 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Orona's conviction became final on February 28, 2008,[1] and the federal limitation barred his claim one year later absent tolling for a timely post-conviction application in state court. Orona let 168 days elapse before he filed a petition for the writ of habeas corpus with the state appellate court, in which petition he alleged that appellate counsel had rendered ineffective assistance. (Respondent's Exhibit 5) Tolling continued until February 2, 2009, when the petition was denied. (Respondent's Exhibit 6) Orona let 127 days elapse before he filed a Rule 3.850 motion for post-conviction relief on June 9, 2007. (Respondent's Exhibit 7) Tolling continued until March 7, 2012, when the mandate issued. (Respondent's Exhibit 10) Orona had 70 days remaining (365 – 168 – 127 = 70). As a consequence, Orona's limitation deadline was May 16, 2012 (March 7, 2012 + 70 = May 16, 2012). Although Orona filed two more post-conviction petitions in state court, neither qualifies for tolling.

First, on April 9, 2012, Orona filed a successive Rule 3.850 motion for post-conviction relief, in which he argued that newly discovered evidence afforded him another opportunity to challenge his conviction. (Respondent's Exhibit 11) The

---

[1] Orona's direct appeal concluded on November 30, 2007, with the denial of his motion for rehearing. (Respondent's Exhibit 4) The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't Corr.*, 292 F.3d 1347 (11th Cir. 2002).

state court held that the petition was "barred as untimely and successive" (Respondent's Exhibit 12), which ruling was affirmed on appeal.  (Respondent's Exhibit 13)  In opposing the present motion to dismiss, Orona asserts timeliness under Section 2244(d)(1)(D), which calculates the limitation from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

In opposing (Doc. 11 at 4) the motion to dismiss Orona shows that he misunderstands the requirements for entitlement to a limitation based on newly discovered evidence.

> [I]f the petitioner alleges newly discovered evidence, the filing deadline is one year from "the date on which the factual predicate of the claim . . . could have been discovered through the exercise of due diligence." § 2244(d)(l)(D). Based on petitioner's habeas petition, this court must assume without deciding that the factual predicate of his claim could not have been discovered with due diligence before the alleged triggering event, making the claim timely under § 2244(d)(1)(D).

Contrary to Orona's contention, to qualify for a limitation based on newly discovered evidence a petitioner must (1) prove that his new claims are based on newly discovered evidence, not just assert that his claim is based on newly discovered evidence, and (2) prove that he exercised due diligence.  As *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008), explains, the one-year limitation under Section 2244(d)(1)(D) starts when the evidence was discoverable through the exercise of due diligence, not when the new evidence was actually discovered:

> The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually discovered. *See* § 2244(d)(1) (D); *Schlueter v. Varner,* 384 F.3d 69, 74 (3d Cir. 2004). Although we have not defined due diligence with respect to a § 2244(d)(1)(D) claim, we have addressed it in the analogous context of a second federal habeas petition which is based on newly discovered facts. *See In re Boshears,* 110 F.3d 1538, 1540 (11th Cir. 1997) (*per curiam*). In the latter context, a petitioner must show that "'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence.'" *Id.* (quoting 28 U.S.C. § 2244(b)(2)(B)(I)). Due diligence means the petitioner "must show some good reason why he or she was unable to discover the facts" at an earlier date. *Id.* Merely alleging that an applicant "did not actually know the facts underlying his or her claim does not pass the test." *Id.* Instead, the inquiry focuses on "whether a reasonable investigation . . . would have uncovered the facts the applicant alleges are 'newly discovered.'" *Id.* (citation omitted).

In rejecting the successive Rule 3.850 motion for post-conviction relief the state court determined that the "claims raise issues of trial court error that should and could have been raised on direct appeal . . . ." (Respondent's Exhibit 12 at 1)  A review of the record supports the state court's determination that Orona could have raised the claims on direct appeal.  Each claim involves the amending of the information during trial to coincide with the evidence introduced during trial.  The amending of the information would be apparent on the face of the record and not based on new evidence undiscoverable before appeal.  Orona's successive Rule 3.850 motion for post-conviction relief fails to meet the requirement for "newly discovered evidence" and, as a consequence, Orona is entitled to no tolling for that successive proceeding.

Second, Orona is entitled to no tolling for his Rule 3.800 motion to correct

illegal sentence, which was filed on July 10, 2013, because, as shown above, the

limitation expired more than a year earlier.  "[A] properly and timely filed petition in

state court only tolls the time remaining within the federal limitation period." *Tinker*

*v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Apparently recognizing the possible untimeliness of his application, Orona (1)

asserts "that without a total review of claims set forth in this petition that it would

create a constitutional violation, in that a manifest miscarriage of justice would exist"

and (2) asserts entitlement to a merits review "[w]here a 'constitutional violation

probably has caused the conviction of one innocent of the crime' or 'has probably

resulted in the conviction of one who is actually innocent,' and 'thus deserv[es]

habeas corpus relief notwithstanding a procedural default.'"  (Doc. 11 at 7)

Orona's asserted "actual innocence" fails for the same reason that his "newly

discovered evidence" fails.  Orona cannot simply assert that he is actually innocent,

he must prove that he is actually innocent, and Orona's application fails to disclose a

basis for a claim of "actual innocence."[2]  Orona bears the burden of proving that he is

actually innocent of the criminal offense. *Bousley v. United States*, 523 U.S. 614, 623

(1998) ("It is important to note in this regard that 'actual innocence' means factual

innocence, not mere legal insufficiency.").  To prove his innocence a petitioner must

present "new reliable evidence — whether it be exculpatory scientific evidence,

---

[2] Orona uses both "miscarriage of justice" and "actual innocence," terms that are interchangeable.

- 5 -

trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The new "'evidence of innocence [must be] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' [*Schlup*,] 513 U.S. at 316." *McQuiggin, Warden, v. Perkins*, 569 U.S. ___,133 S. Ct. 1924, 1936 (2013).  The new evidence must show "that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt . . . ." *House v. Bell*, 547 U.S. 518, 538 (2006).  Orona discloses no evidence of his factual innocence.

Accordingly, the motion to dismiss (Doc. 5) is **GRANTED**.  The application (Doc. 1) is **DISMISSED as time-barred**.  The clerk must close this case.

**DENIAL OF BOTH
A CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Orona is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Orona must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d

926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate the application's timeliness, Orona is entitled to neither a COA nor leave to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Orona must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on May 18, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE